UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>             Plaintiff,<br><br>       v.<br><br>S. RODRIGUEZ, et al.,<br><br>             Defendants. | Case No. 1:24-cv-00139-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS**<br><br>(Doc. 3)<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Marvin Harris is proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. As of the date of this order, Plaintiff has neither filed an application to proceed in forma pauperis in this action, nor has he paid the required $405.00 filing fee.

**I.      RELEVANT PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of a complaint on January 31, 2024. (Doc. 1). Plaintiff identified his address as Salinas Valley State Prison. *Id.* at 1. On February 7, 2024, the Clerk of the Court served on Plaintiff case opening documents.

On February 12, 2024, the Court ordered Plaintiff within 45 days to either submit an application to proceed in forma pauperis, completed and signed, or pay the $405.00 filing fee for

this action. (Doc. 3). The Court informed Plaintiff that failure to comply with this order would result in dismissal of this action. *Id*. at 2. The Clerk of the Court served the order on Plaintiff on February 12, 2024.

On February 26 and February 27, 2024, the case opening documents and the Court's February 12 order were returned, respectively, as "Undeliverable, RTS – Out to Court." Thereafter, the Court conducted a review of the online inmate locator for the California Department of Corrections and Rehabilitation ("CDCR") and learned that Plaintiff potentially was housed at California Men's Colony. (Doc. 4). Accordingly, on February 28, 2024, the Court directed the Clerk of Court to re-serve copies of the case opening documents and the Court's February 12 order to Marvin Harris, California Men's Colony, CDCR No. D99649, P.O. Box 8103, San Luis Obispo, CA 93409-8103. *Id.*

On March 8, 2024, the two filings identified above again were returned as "Undeliverable, Out to Court." To date, Plaintiff has neither filed an application to proceed in forma pauperis nor paid the filing fee; nor has he responded to the Court's orders or provided the Court with any updated address information.

## II. DISCUSSION

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

According to the returned filings in this action described above, Plaintiff has not resided at

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

1 either his originally identified address of record (Salinas Valley State Prison) or a facility
2 identified in CDCR's online inmate locator as his current address (California Men's Colony) for
3 more than 63 days.  Thus, Plaintiff has violated Local Rule 183(b) by failing to timely file a
4 change of address or otherwise respond to this Court's orders.

5       "In determining whether to dismiss an action for lack of prosecution, the district court is
6 required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;
7 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
8 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
9 sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41. (9th Cir. 1988) (internal quotation marks &
10 citation omitted). These factors guide a court in deciding what to do and are not conditions that
11 must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*
12 *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

13       Plaintiff's failure to timely file a notice of change of address weighs in favor of dismissal.
14 As summarized above, the Court attempted to communicate with Plaintiff through both the
15 address he provided when he filed complaint and through the information provided by the CDCR
16 without success.  There are no other reasonable alternatives available to address Plaintiff's failure
17 to prosecute this action and his failure to apprise the Court of his current address. Thus, the first
18 and second factors – the expeditious resolution of litigation and the Court's need to manage its
19 docket – weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *In re PPA,* 460 F.3d at 1227.

20       The third factor, risk of prejudice to Defendants, also weighs fairly in favor of dismissal
21 since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an
22 action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, while no defendant has
23 appeared in this action, the case has been pending for more than three months.  During this time,
24 Plaintiff has neither paid the $405.00 filing fee nor filed an application to proceed in forma
25 pauperis.  Without a current address for Plaintiff, unreasonable delays are inevitable.  Thus, the
26 third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

27       The fourth factor usually weighs against dismissal because public policy favors
28 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

"this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits. He has instead stopped communicating with the Court altogether. Thus, Plaintiff is impeding the progress of this action. Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Although the Court acknowledges that the filings were returned undeliverable, in this Court's case opening documents, issued February 7, 2024, Plaintiff was warned that a "pro se plaintiff must keep the Court and opposing parties informed of the party's correct current address," citing Local Rule 182(f). (*See* Doc. 2 at 5). The Order further warned that if "a pro se plaintiff's address is not updated within sixty-three (63) days of mail being returned as undeliverable, the case will be dismissed for failure to prosecute," citing to Local Rule 183(b). *Id*. And, more generally, that same Order warned as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of case. Local Rule 110; Fed. R. Civ. P. 41(b)." *Id*. at 1. The Court similarly admonished Plaintiff of the risk of dismissal should he fail to timely respond to the Court's February 12 order. (Doc. 3 at 2). Thus, the Court provided multiple warnings that dismissal could result from his noncompliance with a Court order and this Court's Local Rules. In sum, the fifth factor weighs in favor of dismissal. *Ferdik*, 963 F.2d at 1262; *Carey*, 856 F.2d at 1440-41.

Accordingly, because Plaintiff has failed to comply with this Court's Local Rules and the Court's orders, and in so doing is failing to prosecute his case, the Court will recommend dismissal of this action.

/ / /

### III. CONCLUSION AND RECOMMENDATION

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the undersigned **RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this action and failure to keep the Court apprised of his current address. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 14, 2024**

UNITED STATES MAGISTRATE JUDGE